IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

IN RE:                                                   CASE NO: 05-10305-LMK
                                                            CHAPTER 7

BEVERLY A. CRAIG

Debtor.
_____/

**ORDER DENYING MOTION BY DEBTOR TO HOLD CRISTINA EQUI IN
CIVIL CONTEMPT FOR ALLEGED VIOLATION OF THE AUTOMATIC STAY**

This case came on for hearing on October 6, 2005 on the Motion by Debtor, Beverly A. Craig (the "Debtor") to Hold Ms. Cristina Equi ("Equi") in Civil Contempt for alleged violation of the automatic stay pursuant to 11 U.S.C. § 362(a)(1). The record reflects that the hearing was properly noticed. The Debtor appeared on her own behalf. Scott W. Spradley ("Spradley") appeared on behalf of Equi. Upon reviewing the motion, the memorandum in opposition filed on behalf of Equi, the file, having heard the statements and argument of the Debtor and of Spradley, the Court makes its findings of fact and conclusions of law as follows:

**Findings of Fact and Conclusions of Law**

1. The Debtor alleges that Equi violated the automatic stay imposed by 11 U.S.C. § 362(a)(1) and further, that the alleged violation of the automatic stay caused the Debtor to sustain damages.

2. The basis for the Debtor's allegation is that Equi, in her capacity as counsel of record for an entity known as Triple T, undertook certain actions in defending Triple T in a pre-petition administrative proceeding initiated by the Debtor against Triple

T.  As a consequence of the alleged violation of the automatic stay, the Debtor further alleges that she sustained certain unspecified damages in the amount of $40,000 for which she seeks an award against Equi.

3. The specific activity complained of by the Debtor is Equi's service of discovery materials in the administrative proceeding in defense of Triple T's claim following the commencement of this case.

4. The administrative proceeding initiated pre-petition by the Debtor was not disclosed by the Debtor in the bankruptcy petition, schedules, or statement of financial affairs, which the Debtor filed pro se.

5. The automatic stay does not preclude a party or its attorney from defending a claim post-petition brought by a debtor pre-petition.  Consequently, Equi's actions in conducting discovery in defense of the Debtor's claims against Triple T post-petition do not in any respect violate the automatic stay.  The Debtor's allegations that Equi violated the automatic stay are completely unfounded and without merit.

6. Moreover, the record reflects that the Debtor sustained no compensable damages of any kind even had Equi violated the automatic stay, which she did not.

**IT IS THEREFORE ADJUDGED:**

7. The motion by Debtor to hold Equi in civil contempt for alleged violation of the automatic stay is hereby **DENIED.**

8. The Debtor's request for damages against Equi is **DENIED** as moot.

**DONE AND ORDERED** this  19th  day of  October , 2005.

_____
LEWIS M. KILLIAN, JR.
United States Bankruptcy Judge

2

Copies to:

Scott W. Spradley, Counsel for Cristina A. Equi, GrayRobinson, P.A., P.O. Box 3068, Orlando, FL 32802-3068

Theresa M. Bender, Chapter 7 Trustee, P.O. Box 14557, Tallahassee, FL 32317

United States Trustee, 110 East Park Avenue, Suite 128, Tallahassee, FL 32301

Beverly A. Craig, Debtor, 1007 N.E. 23rd Street, Gainesville, FL 32641