UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| BEVERLY A. CRAIG, | * | Chapter 7 |
| | * | |
| Debtor(s) | * | No. 05-10305 |
| | * | |

**ORDER DENYING MOTION FOR CONTEMPT**

THIS CASE came on for hearing October 6, 2005 on the motion of the Debtor to hold Bradford C. Banta in civil contempt and to assess damages for violation of the automatic stay imposed by 11 U.S.C. § 362(a).  The Debtor, Beverly Craig, appeared pro se and Mr. Banta was represented by counsel, Scott Spradley.  At the hearing, the Court took evidence from the Debtor to determine whether or not she could produce evidence to establish a *prima facie* case for contempt against Mr. Banta to justify the Court's issuance of an order to show cause to require him to appear for a full evidentiary hearing.  Based on the evidence presented at the hearing, the facts do not support the issuance of an order to show cause and accordingly, the Debtor's motion will be denied.

The Debtor filed her voluntary petition under Chapter 7 of the Bankruptcy Code on May 9, 2005.  In her Motion for Contempt, she alleges that on the same day, she gave verbal notice to Bradford C. Banta, "the creditor whom I duly listed as such in the lists and schedules with my petition" of her filing of bankruptcy.  Thereafter, on June 1, 2005, the Debtor was served with a five (5) day eviction summons issued by the County Court in Alachua County, Florida.  The Plaintiff was Gator Homes LLC seeking to evict her from premises at 2903 N.E. 9th Street, Gainesville, Florida.

The Summons reflects Bradford C. Banta as Plaintiff's attorney. It is this eviction action which gives rise to the Debtor's Motion for Contempt.

The evidence presented at the hearing together with the court file do not support the allegations set forth in the Debtor's motion. In the Schedules, Statement of Affairs, and List of Creditors filed by the Debtor with her Petition, neither Bradford C. Banta nor Gator Homes LLC are listed as creditors nor are the premises at 2903 N.E. 9th Street, Gainesville, Florida listed as either the Debtor's home or leased premises. The Debtor lists her address as 1007 N.E. 23rd Street, Gainesville, Florida. In Schedule G, Executory Contracts and Unexpired Leases, the Debtor checked the box stating that the Debtor has no executory contracts or unexpired leases. Thus, contrary to the Debtor's assertion in her motion, Bradford Banta was not listed as a creditor in her lists and schedules. In her testimony, the Debtor testified that she told Mr. Banta about her bankruptcy when she received a letter from him indicating that he was going to see attorney's fees from her in a separate case styled *Beverly A. Craig vs. Stan Snyder d/b/a Gator Homes LLC, Point 23, Banta Properties and Heather Banta, d/b/a Gator Homes LLC, Point 23, Banta Properties* pending in the County Court in and for Alachua County. Attached to the Debtor's Motion for Contempt, were two letters from Mr. Banta to the Debtor dated June 7, 2005, sent pursuant to Florida Statute 57.105(4) giving her 21 days in which to dismiss her complaint against Heather Banta and Stan Snyder failing which he would move for the imposition of attorney's fees. It should be noted that the above referenced law suit in which the Debtor is Plaintiff is not reflected anywhere in her bankruptcy filings. The court docket in this case reflects that on June 17, 2005, the Debtor filed an Amendment to her Schedule D, Creditors Holding Secured Claims, listing Bradford C. Banta, the first time his name was mentioned in this bankruptcy filing. Based on her testimony, it is clear that at the time

Mr. Banta filed the eviction proceedings and served the Summons on the Debtor, he had no knowledge of her pending bankruptcy case. The testimony of the Debtor at the hearing reflected that after she notified Mr. Banta of her bankruptcy, the eviction proceeding was continued, and, as of the day of the hearing, she was still residing in the leased premises. The instant Motion for Contempt was filed on July 6, 2005.

The Bankruptcy Code gives the court statutory contempt power under 11 U.S.C. § 105(a) which provides "the Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this Title." When the automatic stay is violated, courts may award damages under the statutory contempt power of § 105. *In re Jove Engineering, Inc.*, *92 F.3d 1539 (11th Circ. 1996)*. When the automatic stay is violated, courts may find the violator in contempt if the violation is "willful" *Id* at 1555. A violation is willful if (1) the individual knew the automatic stay was invoked, and (2) intended the actions which violated the automatic stay. *Id*. In *Jove*, the IRS knew the automatic stay was invoked because the IRS received seven different correspondences regarding Jove's bankruptcy proceeding. *Id* at 1556. Furthermore, the IRS had the ability to comply with the stay, but, instead, made repeated attempts over a six month period to collect tax debts. *Id*. These collection efforts were in violation of the automatic stay even though no particular collection effort specifically intended to violate the stay. *Id*. The IRS willfully violated the stay because it knew of Jove's bankruptcy proceeding and it intended to make its collection efforts.

Once there has been a finding of contempt, the Court may only impose one of two types of sanctions. The purpose of civil contempt is to (1) compensate the complainant for losses and expenses it incurred because of the contemptuous act or (2) coerce the contemptor into compliance with the court order. *Id* at 1557. Thus the Debtor would have to demonstrate some actual damages

3

based on the violation of the stay. In *Jove*, Jove sought monetary damages that resembled a fixed, non-compensatory fine as opposed to a "per diem fine" for each subsequent violation of the automatic stay. *Id* at 1559. The court found the non-compensatory damages to be punitive and refused to award sanctions because Jove suffered no actual damages by the IRS' violations of the stay. *Id*. In this case, the Debtor has presented no evidence that Bradford Banta had any knowledge of the existence of the automatic stay when he filed the eviction action and, she has presented no evidence as to any actual damages suffered as a result of the filing. Therefore, there is no basis for the issuance of an order to show cause to require Bradford Banta to appear and show cause why he should not be held in civil contempt. Accordingly, the Debtor's Motion for Contempt is hereby denied.

DONE AND ORDERED at Tallahassee, Florida, this 19th day of October ,2005

                                              LEWIS M. KILLIAN, JR.
                                              Bankruptcy Judge